**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4204**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

SAUL VILLELA-ALBERTO,

                    Defendant - Appellant.

**No. 07-4205**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

ENRIQUE CASTELLANO,

                    Defendant - Appellant.

Appeals from the United States District Court for the Western District of Virginia, at Big Stone Gap.  James P. Jones, Chief District Judge.  (2:06-cr-00001)

Submitted:  June 13, 2008          Decided:  July 21, 2008

Before MICHAEL, MOTZ, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Donald M. Williams, Jr., WILLIAMS LAW OFFICE, PLC, Pennington Gap, Virginia; Joseph W. Rasnic, Jonesville, Virginia, for Appellants. John L. Brownlee, United States Attorney, Anthony P. Giorno, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Saul Villela-Alberto and Enrique Castellano, two Central American inmates at the United States Penitentiary in Lee County, Virginia, appeal their convictions and sentences following a jury trial for assaulting another inmate resulting in serious bodily injury to the victim, in violation of 18 U.S.C. § 113(a)(6) (2000). Castellano also appeals his conviction and sentence for assaulting another inmate with a dangerous weapon, namely, a shod foot, with intent to do bodily harm and without just cause or excuse, in violation of 18 U.S.C. § 113(a)(3) (2000)[*]. We affirm.

(I) Sufficiency of the Evidence

Villela-Alberto and Castellano argue that the evidence presented at trial was insufficient to establish that the victim, Alfredo Uribe, suffered a "serious bodily injury" within the statutory definition referenced in § 113(b)(2). They argue that a registered nurse's testimony regarding her examination and assessment of Uribe's injuries does not establish that Uribe suffered extreme physical pain because she did not see Uribe for any follow-up examinations or treatment after the day of the assault and could not say whether Uribe actually received any further treatment.

---

[*]Villela-Alberto was found not guilty of violating § 113(a)(3).

-3-

When a defendant challenges the sufficiency of the evidence, we consider whether substantial evidence, viewed in the light most favorable to the Government, supports the jury's verdict. Burks v. United States, 437 U.S. 1, 17 (1978); United States v. Stewart, 256 F.3d 231, 249 (4th Cir. 2001). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996). We do not review the credibility of witnesses and assume the jury resolved all contradictions in the testimony in favor of the Government. United States v. Sun, 278 F.3d 302, 313 (4th Cir. 2002).

The term "serious bodily injury," as used in § 113(a)(6), "means bodily injury which involves: (A) a substantial risk of death; (B) extreme physical pain; (C) protracted and obvious disfigurement; or (D) protracted loss or impairment of the function of a bodily member, organ, or mental faculty." 18 U.S.C. §§ 113(b)(2), 1365(h)(3).

Here, a registered nurse who examined Uribe after the assault testified that Uribe suffered what she considered to be severe facial trauma that would cause severe pain, and that a doctor ordered follow-up treatment consisting of hourly icing of Uribe's wounds for three days, Tylenol, and two days of bed rest.

-4-

The jury also viewed a video recording of the assault upon Uribe that allowed the jury to observe the injuries Uribe sustained. Although the Government did not present evidence of the follow-up treatment or assessments Uribe actually received, when the evidence is viewed in the light most favorable to the Government, substantial evidence supports the jury's verdict. A reasonable finder of fact could have accepted the nurse's testimony, in conjunction with the video showing Uribe's injuries, as adequate and sufficient to support a conclusion that Uribe suffered extreme physical pain. There was no testimony that contradicted the nurse's assessment of Uribe's injuries and no suggestion that her testimony was not credible.

(II) Denial of Request for Jury Instruction on Self-Defense

Villela-Alberto and Castellano argue that the district court abused its discretion in not instructing the jury as to self-defense. They contend that they were concerned for their safety because Uribe is a member of the Latin Kings, a group that previously carried out acts of violence against Central American inmates such as themselves, and that Uribe became agitated and threatened Castellano when they questioned him about his affiliation, causing them to reasonably act in self-defense under the circumstances.

We review a district court's decision not to give a jury instruction for abuse of discretion. United States v. Seidman, 156 F.3d 542, 551 (4th Cir. 1998). A requested instruction as to a defense should be given if it has an evidentiary foundation and accurately states the applicable law. United States v. Sloley, 19 F.3d 149, 153 (4th Cir. 1994).

We find that the district court did not abuse its discretion in declining to give the requested self-defense instruction because it did not have an adequate evidentiary foundation. The jury heard testimony, which was corroborated by videotape evidence, that Uribe was standing with his hands behind his back and did not make any threatening movement towards Villela-Alberto or Castellano before they assaulted him. The jury also heard testimony by a legal instruments examiner who served as a translator regarding Villela-Alberto's statements to investigators that Uribe cursed at him and threatened him before the assault after Villela-Alberto and Castellano questioned Uribe about his membership in the Latin Kings. Although threatening words alone are not sufficient evidence for a jury to conclude that a defendant acted in self-defense under the requested instruction, the appellants argue that Uribe's verbal threats were sufficient to make them believe they were in danger due to the context of other assaults by members of the Latin Kings upon other Central American inmates. We conclude, however, that because Uribe was alone and

confronted by two inmates at the time of the assault, there was not an adequate evidentiary foundation for a reasonable finder of fact to believe that Villela-Alberto and Castellano believed they were in imminent danger of serious bodily harm from Uribe, even considering the previous assaults.

(III) Enhancement for Use of a Dangerous Weapon

Villela-Alberto argues that the district court erred in enhancing his advisory guidelines offense level by four levels based upon use of a dangerous weapon, pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 2A2.2(b)(2) because the Government did not provide any evidence that Villela-Alberto kicked Uribe and it was not reasonably foreseeable for Villela-Alberto that Castellano's use of his prison-issued boots to kick Uribe would constitute use of a dangerous weapon.

Under the guidelines, a "dangerous weapon" is "an instrument capable of inflicting death or serious bodily injury." USSG § 1B1.1, comment. (n.1(D)). "[A]n object need not be inherently dangerous to be a dangerous weapon. Rather, innocuous objects or instruments may become capable of inflicting serious injury when put to assaultive use." United States v. Sturgis, 48 F.3d 784, 787 (4th Cir. 1995).

We hold that the district court did not err in finding that a preponderance of the evidence showed that Villela-Alberto

aided and abetted Castellano in his assault upon Uribe with a dangerous weapon, and that Castellano's conduct was reasonably foreseeable to Villela-Alberto. As described, the jury found, based upon sufficient evidence presented at trial, that Villela-Alberto and Castellano inflicted serious bodily injuries upon Uribe, in large part through Castellano's conduct of kicking Uribe with his prison-issued hard-toed boots. The Government also presented evidence that Villela-Alberto took part in all phases of the assault upon Uribe, including during the time when Castellano was kicking Uribe with his boots. Furthermore, the Government presented testimony regarding Villela-Alberto's statements to investigators about their assault upon Uribe, including his statement that they wanted to "make him bleed a little." Accordingly, the district court's finding that Villela-Alberto reasonably could have foreseen Castellano's use of the boots as a dangerous weapon against Uribe is not clearly erroneous.

### (IV) Enhancement for Obstruction of Justice

Castellano argues that the district court erred in enhancing his advisory guidelines offense level for obstruction of justice. He denies writing the letter to Uribe that served as the basis for the obstruction enhancement and contends that, in any event, the letter only encouraged Uribe to testify, not to testify untruthfully. He seeks to bolster his argument that the letter

could not have been intended to obstruct justice by noting that a copy of the letter was mailed to his attorney. The letter reads, in part:

> Honestly, the only way I can have a chance of beating this bullshit case is if you say to my lawyer that you had a feeling that something was gonna go down when I approached you and you was gonna make your move against me but I beat you to it. It is the only way because even though you didn't have any fractures the D.A. is making it look like you went thru (sic) surgery or some shit. Plus they took a picture of you with blood all over your face and they are making shit look ugly.

We hold that the district court did not err in finding that Castellano authored the letter in an effort to improperly direct Uribe to testify falsely as to the possible justification for the attack. The letter discusses the evidence against Castellano and encourages Uribe to testify that he threatened Castellano and provoked the assault. Contrary to Castellano's argument, the letter requests that Uribe testify as to specific facts, rather than generally requesting that he testify truthfully. Although Uribe denied receiving any letters from Castellano and generally refused to provide any testimony, the Government also presented a letter Uribe wrote to Castellano that shows his awareness of Castellano's request that Uribe help him through his testimony. Accordingly, the district court did not clearly err in finding that a preponderance of the evidence supported the enhancement for obstruction of justice.

For the reasons stated above, we affirm the appellants' convictions and sentences.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>